Dear Major General Moran,
The Attorney General has received and reviewed your request for an opinion responding to the following question:
May the Governor of Oklahoma, by Executive Order, declare as exemptfrom the State Merit System the position of Command Sergeant Major wherethe position for the first time is to be filled by a full time stateemployee?
By way of background, you have advised that the military position of Command Sergeant Major is a relatively new concept in the military services. In recent years, the position requires a close and personal access to the military commander as an advisory source on policy matters relating to recruiting, retention, training and morale, particularly with respect to enlisted personnel. Additionally, the Command Sergeant Major serves as the Command's personal representative in staff visits and inspections, participates in the establishment of training standards, recommends personnel for appointment to positions of non-commissioned officer leadership and serves as liaison for the Adjutant General inasmuch as the Command Sergeant Major must be able to express the policy of the Command in his representation of the Adjutant General and the Command must repose in the Command Sergeant Major great trust and confidence in achieving Command policy.
Historically, you have advised that the position of Command Sergeant Major has been filled either by a member of the Oklahoma National Guard on a part-time basis, or, if full-time, by a federal employee assigned to the Guard. It has only been recently that the position of Command Sergeant Major has been approved as a full-time equivalent employee with the Military Department, i.e., a full time state employee. Your question, therefore, goes to the point of whether the position, if filled by a state employee, may be declared exempt from the Merit System by an Executive Order of the Governor. The State Merit System, enacted in 1959, has its purpose codified in 74 O.S. 801 (1971):
 "The general purpose of this Act is to provide all citizens a fair and equal opportunity for public service, to establish conditions of service which will attract officers and employees of character and ability, to establish uniform job and salary classifications, to increase the efficiency and economy of the governmental departments and agencies by the improvement of methods of personnel administration, to provide a statutory basis for the existing merit system of personnel administration covering the employees of the State Employment Security Commission, Crippled Children's Commission, the State Department of Health, and the State Department of Public Welfare, and to provide for the extension of the merit system to the employees of such other state agencies or departments as the Governor may direct by an Executive Order. The Legislature further declares that, in its considered judgment, the proper administration of our State government requires the enactment of this measure." Emphasis added
The State Merit System Act (hereafter "the Act") authorized the Governor to place state "agencies and departments" under the Merit System by Executive Order. As expressed in 74 O.S. 802 (1971), the Governor "at his discretion" and by Executive Order is empowered and authorized.
 ". . . to place any agency or department of the State government, and the employees thereof, with exempt positions as stipulated by said order, under the merit system. . ."
However, the Governor is prohibited by the Act "authorize by Executive Order the removal of any agency or department . . . placed under the Merit System . . ." 74 O.S. 802 (1971).
Governor Edmondson placed the Office of the Adjutant General under the Merit System by Executive Order dated December 15, 1979 and filed with the Oklahoma Secretary of State. No exempt positions were established in the Executive Order.
Notwithstanding the absence of exempt positions within Governor Edmondson's Executive Order, the Act itself created certain exemptions. 74 O.S. 803 (1971). Under the provisions of the Act, the Adjutant General who is required by law to be appointed by the Governor 44 O.S. 24 (1971) is exempt as is one principal assistant or deputy, one private secretary to the Adjutant General and officers and members of the Oklahoma National Guard, as such. 74 O.S. 803(3) and 74 O.S. (10) (1971).
On December 22, 1978, Governor Boren issued Executive Order No. 78-28 exempting the position of Command Sergeant Major from the Merit System.
In Opinion No. 75-147, the Attorney General ruled that an Executive Order placing an agency under the Merit System not only places all functions, positions and employees existing at the time of the Order within the Merit System but also all functions, position and employees which may thereafter be added to the agency. The Attorney General reasoned:
 "No provision is made for additions to the agency subsequent to the Executive Order. However, it is reasonable to assume the legislature realized that additional personnel and functions may be added to an agency or department after it came under the Merit System. The silence of the statute indicates that an agency or department's additional personnel or functions would automatically be under the Merit System. To require a separate executive order for each additional position or employee would be cumbersome and unnecessary."
A review of the Oklahoma Military Code, 44 O.S. 1[44-1] et seq. (1971) reveals no provision providing a specific exemption to the Merit System. Notwithstanding that the Governor, as Commander-in-Chief, is given wide latitude in matters of organization and assignment of Guard personnel, his authority is limited to the statutes and the Constitution of the State. 57 C.J.S. Militia 10, p. 1086.
The Merit System Act acknowledged that members of the National Guard, as such, were exempt from the provisions of the Act. Further, the Act provided for exemptions of three (3) individuals in leadership positions or closely associated with the policy making functions of leadership.
While the Legislature did not speak to the inability of the Governor to exempt newly created positions or functions from the Merit System, neither did it expressly authorize such action by the Governor. By prohibition against removal of an agency from the Merit System, the Legislature expressed its purpose of denying to the Governor a power to extract from the Merit System those personnel who were placed in that protective position.
Absent a specific legislative exemption, therefore, it is the opinionof the Attorney General that the Governor of Oklahoma may not, bysubsequent executive order, declare exempt any position or function,newly created or not, in an agency, board, commission or department ofthe State which agency, board, commission or department has been placedunder the provisions of the Merit System.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MANVILLE T. BUFORD, ASSISTANT ATTORNEY GENERAL
CHIEF, CIVIL DIVISION